Corrected

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-534V
Filed: March 27, 2025

---

KATHRYN LUNGARO,

                 Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                 Respondent.

Special Master Horner

---

*Michael G. McLaren,* Black McLaren, et al., PC, Memphis, TN, for petitioner.
*Meghan Murphy,* U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 30, 2020, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of her November 2, 2017 influenza ("flu") vaccination. Petition at 1. On August 5, 2024, the parties filed a stipulation, which I adopted as my decision awarding compensation on the same day. (ECF Nos. 54-55.)

On July 31, 2024, Petitioner filed a motion for attorneys' fees and costs incurred by Black McLaren, et al., PC ("BMJRG"), and by petitioner's prior counsel at Conway Homer, PC ("Conway Homer"). (ECF No. 60.) ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $109,668.89, representing $89,985.60 in

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

attorneys' fees and $4,989.33 in attorneys' costs incurred by BMJRG, and $14,235.20 in attorneys' fees and $458.76 in attorneys' costs incurred by Conway Homer. Pursuant to General Order No. 9, petitioner has indicated that she has not personally incurred any costs in pursuit of this litigation. Fees App. Ex. 3. On August 22, 2024, respondent filed a response to petitioner's motion. (ECF No. 61.) Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.    Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special

masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton,* 3 F.3d at 1521.

### a. Hourly Rates

#### i. Black McLaren Jones Ryland & Griffee, PC (BMJRG)

Petitioner requests the following rates of compensation for work done by her attorney, Mr. Chris Webb: $351.00 per hour in 2020, $364.00 per hour for 2021, $395.00 per hour for 2022, $410.00 per hour for 2023, and $435.00 per hour for 2024. These rates are consistent with what counsel has previously been awarded for his Vaccine Program work and I find them to be reasonable herein. *See Stimson v. Sec'y of Health & Human Servs.*, No. 21–2171V, 2024 WL 4133295, at *2 (Fed. Cl. Spec. Mstr. Aug. 7, 2024).

#### ii. Conway Homer, PC

Petitioner requests the following rates of compensation for her attorneys at Conway Homer: for Mr. Ronald Homer, $525.00 per hour for work performed in 2024; for Ms. Christina Ciampolillo, $350.00 per hour for work performed in 2022, $380.00 per hour for work performed in 2020 and 2021, $470.00 per hour for work performed in 2023, and $500.00 per hour for work performed in 2024; for Ms. Lauren Faga, $279.00 per hour for work performed on 2018, $285.00 per hour for work performed on 2019, $330.00 per hour for work performed on 2020 and 2021, $385.00 per hour for work performed on 2022, and $425.00 per hour for work performed in 2023; and for Mr. Patrick Kelly, $205.00 per hour for work performed in 2019, and $225.00 per hour for work performed in 2020. For paralegals, petitioner requests the following rates: $142.00 per hour for work performed in 2018, $145.00 per hour for work performed in 2019, $155.00 per hour for work performed in 2020 and 2021, $170.00 per hour for work performed in 2022, $185.00 per hour for work performed in 2023, $195.00 per hour for work performed in 2024.

The attorney and paralegal hourly rates requested are consistent with what counsel and paralegals have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein. However, the hourly rates requested for work performed by individuals identified as law clerks, presumably law students, requires adjustment.

Petitioner requests attorneys' fees for work performed by law students as follows: 9.3 hours billed at an hourly rate of $152.00 in 2018, and 2.2 hours billed at an hourly rate of $155.00 in 2019. However, these hourly rates exceed the student hourly rate paid in

other cases - $142.00 in 2018, and $145.00 in 2019. *See e.g., Robertson v. Sec'y of Health & Human Servs.*, No. 18-0554V, 2024 WL 1599577, at *2 (Fed. Cl. Spec. Mstr. Mar. 18, 2024). Accordingly, I will instead compensate the law students' work in this case at these lower rates. This results in a reduction of **$115.00**.[3]

### a. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

### i. Black McLaren Jones Ryland & Griffee, PC (BMJRG)

Upon review, the billing entries submitted by BMJRG reveal time was billed for administrative tasks, such as downloading files, separating documents and saving files, updating a case status spreadsheet, filing documents in CM/ECF, calendaring deadlines, changing meeting plans, internal case tracking, and drafting notices of filing and exhibit lists. There are more than 25 such entries throughout the billing records. *See* Fees App. Ex. 2 at 2-6, 8, 13, 15, 18, 20, 24-26, 28.

Billing at any rate for clerical and other administrative work is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (noting that tasks that "were primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). Clerical and administrative work includes tasks such as making travel arrangements, setting up meetings, reviewing invoices, filing documents, and researching basic aspects of the Vaccine Program, "for which neither an attorney nor a paralegal should charge." *Hoskins v. Sec'y of Health & Human Servs.*, No. 15-071V, 2017 WL 3379270, at *3, 6–7 (Fed. Cl. Spec. Mstr. July 12, 2017); *see also Floyd v. Sec'y of Health & Human Servs.*, No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) ("[S]ome tasks performed by paralegals were clerical / secretarial in nature. Examples include scheduling status conferences ... preparing compact discs ... and filing documents through the CM/ECF system."); *Kerridge v. Sec'y of Health & Human Servs.*, No. 15-852V, 2017 WL 4020523, at *6 (Fed. Cl. Spec. Mstr. July 28, 2017) (noting that billing for "administrative tasks" ... are not compensated in the Vaccine Program); *Silver v. Sec'y of Health & Human Servs.*, No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks.").

---

[3] This amount is calculated as ($152 - $142 = $10 x 9.3 hrs) + ($155 - $145 = $20 x 2.2 hrs) = $115.00.

Accordingly, petitioner's fees will be reduced by **$1,321.20** to account for this impermissible billing. Petitioner is entitled to final attorneys' fees in the amount of $88,664.40 for the work performed by BMJRG.

### ii.    Conway Homer, PC

Upon review of the billing records submitted by Conway Homer, I find the majority of the hours billed to be reasonable. However, a small amount must be reduced for duplicative billing due to attorneys, paralegals, and law clerks billing for attending the same case meetings.[4] This firm has seen fee reductions in prior cases due to the for similar duplicative entries. *See Harris v. Sec'y of Health & Human Servs.*, No. 18-944V, 2024 WL 4043705 (Fed. Cl. Spec. Mstr. June 28, 2024); *Cooper v. Sec'y of Health & Human Servs.*, No. 18-1885V, 2021 WL 1603672 (Fed. Cl. Spec. Mstr. Mar. 29, 2021); *McGuinness v. Sec'y of Health & Human Servs.*, No. 17-954V, 2020 WL 4814260 (Fed. Cl. Spec. Mstr. July 24, 2020). These billing entries result in a reduction of **$468.20**. Accordingly, petitioner is entitled to final attorneys' fees in the amount of $13,652.00 for the work performed by Conway Homer.

### b.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

### i.    Black McLaren Jones Ryland & Griffee, PC (BMJRG)

Petitioner requests a total of $4,989.33 in attorneys' costs, including the acquisition of medical records, the court's filing fee, hearing transcript, postage, travel expenses, and rental for a conference room for the virtual hearing. Fees App. Ex. 2 at 30. The costs requested by BMJRG in this matter appear reasonable. Accordingly, petitioner is awarded the full amount of $4,989.33 for costs requested by BMJRG.

### ii.    Conway Homer, PC

Petitioner requests a total of $458.76 in attorneys' costs, including the acquisition of medical records, postage, and copies. The costs requested by Conway Homer in this matter appear reasonable. Accordingly, petitioner is awarded the full amount of $458.76 for costs requested by Conway Homer.

---

[4] There were several instances where Conway Homer staff billed for attending case meetings, including on August 24, 2018, October 9, 2018, November 26, 2018, May 17, 2019, May 20, 2019, June 12, 2019, July 2, 2019, July 17, 2019, October 30, 2019, December 27, 2019, and January 15, 2020. Fees App. Ex. 4 at 5-9,12-13.

## II.    Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs is reasonable. I find it reasonable to compensate petitioner and her counsel as follows:

1) **a lump sum in the amount of $93,653.73, representing reimbursement for petitioner's attorneys' fees and costs, to be paid through an ACH deposit to petitioner's counsel's, Mr. Michael G. McLaren's IOLTA account for prompt disbursement.**

2) **a lump sum in the amount of $14,110.76, representing reimbursement for petitioner's attorneys' fees and costs, to be paid through an ACH deposit to petitioner's counsel's, Mr. Ronald C. Homer's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).